### HERMAN & GUINZBURG v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 23, 1904.)

#### No. 2,991.

1. CUSTOMS DUTIES—CLASSIFICATION—ORNAMENTAL GRAINS—GRASS PIQUETS.

　Grass piquets, used for millinery purposes, consisting of stalks of oats and wheat, cut in the milk, and grasses, some of which are mixed with palm leaf and artificial leaves, bound together in bunches about 15 inches long, and all dyed to imitate the natural color of the plants, are dutiable

under the provision in paragraph 425, Tariff Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1675], for "artificial or ornamental * * * fruits, grains, leaves, flowers, and stems or parts thereof, of whatever material composed," and not under paragraph 449 of said act, 30 Stat. 193 [U. S. Comp. St. 1901, p. 1678], as manufactures of grass.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 121 Fed. 201.

This is an appeal by Herman & Guinzburg, importers, from a decision of the Circuit Court (121 Fed. 201), which affirmed the decision of the Board of General Appraisers which sustained the assessment of duty by the Collector of Customs at the port of New York. The decision of the board reads as follows (In re Simon, G. A. 4511):

Wilkinson, General Appraiser. The goods are known in trade as grass piquets. They were assessed for duty at 50 per cent. ad volorem, under paragraph 425, Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1675], and are claimed to be dutiable at 10 per cent., or at 20 per cent. under section 6, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], or at 30 per cent. under the provision of paragraph 449, 30 Stat. 193 [U. S. Comp. St. 1901, p. 1678] for manufactures of grass. Counsel for the appellants stated that the only claim relied on was that under paragraph 449. Each piquet is a bunch about 15 inches long, bound with wire at the end of the stems. Exhibit 1 (35,424f) consists of stalks of oats cut in the milk. Exhibit 1 (37,036f) is composed of wheat of the same character, mixed with pieces of palm leaf. Exhibit 1 (37,039f) consists of two kinds of grasses, with some artificial leaves of cotton cloth, and the other piquets are similar to the foregoing. All have been dyed to imitate the natural color of the plants, and all are used for millinery purposes. The pertinent of paragraph 425 is: "And also dressed and finished birds suitable for millinery ornaments, and artificial or ornamental feathers, fruits, grains, leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for in this act, fifty per centum ad valorem." The piquets in question include the stems and the leaves of the plants. The fact that the grasses are almost altogether natural does not, in the opinion of the board, exclude them from classification under the paragraph. Dyed feathers and dressed birds are no more artificial than these grasses are. We find that the goods are ornamental stems and leaves. The decisions of the collector are affirmed accordingly.

Stephen G. Clarke, for appellants.
Henry C. Platt, Asst. U. S. Atty.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The finding of the Board of General Appraisers accurately describes the importations, and we think they are more specifically enumerated by paragraph 425, Tariff Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1675], than by paragraph 449, 30 Stat. 193 [U. S. Comp. St. 1901, p. 1678].

Decision affirmed.